Anton Mainente (Deceased) and Marcelle Mainente v. Commissioner.
Mainente v. Commissioner
Docket No. 3894-64.
United States Tax Court
T.C. Memo 1966-91; 1966 Tax Ct. Memo LEXIS 192; 25 T.C.M. (CCH) 497; T.C.M. (RIA) 66091; April 28, 1966
*192 Marcelle Mainente, pro se, 21 Laurel Ave., Auburn, Maine. Joel Gerber, for the respondent. MURDOCK Memorandum Opinion Sur Motion MURDOCK, Judge: The Commissioner mailed a notice of deficiency to "Mr. Anton Mainente (Deceased) and Mrs. Marcelle Mainente." It was dated July 23, 1964 and determined a deficiency of $558.66 in the income tax of the Mainentes for 1961. They filed a joint return for 1961. A rental loss of $431.74 and $543 of medical and dental expense were among the deductions claimed on the return. The Commissioner in determining the deficiency disallowed all of the rental loss and $165.07 of the medical expense. These disallowances were the only adjustments affecting reported income made by the Commissioner in determining the deficiency. The case was tried in Boston, Massachusetts on January 24, 1966, and thereafter, the Commissioner notified the Court that the case would be settled. The Commissioner next filed a motion on March 24, 1966, asking "that the contested issues in this case [the two described above] be decided in favor of the petitioners and that a decision be entered on the pleadings with regard to the non-contested issue of the retirement *193 income credit." It was further stated in the motion that the Commissioner "concedes the two contested issues." It is hereby decided, on the statements made in the motion, that the petitioners were and are entitled to the loss of $431.74 and the full medical deduction of $543 as shown and claimed on their return. It follows that the tax of $475.29 shown on the return was correct. The Commissioner recognizes this. Also shown on the return and not contested by the Commissioner was "Tax withheld" in the amount of $508.70. Thus, it appears that the tax due was overpaid in the amount of $33.41 and a decision to that effect has been entered on the record as it now stands. However, the copy of the return introduced in evidence shows a "Retirement income credit" of $238.20 and a resulting "Overpayment" of $271.61. Those two amounts are circumscribed and opposite the credit "$439.30" appears and opposite the overpayment "$472.71" appears. The copy of the notice of deficiency alleged and admitted in the pleadings contains no reference to any retirement income credit or to any overpayment affecting the deficiency therein determined and neither are these matters covered elsewhere in the pleadings. *194 No evidence as to either item has been introduced into the record in this case. The Commissioner, in his motion of March 24, 1966, has asked "that a decision be entered on the pleadings with regard to the non-contested issue of the retirement income credit." However, the Court is not aware from the record that there ever was any "issue of the retirement income credit" in this case and there are no facts in the record on which such an issue could be decided. The Commissioner, in the computation in support of this portion of his motion refers to a "refund" of $472.71 on "2-28-62," subtracts the above computed refund of $33.41 and gets $439.30 which he asks the Court to determine as the deficiency. The record does not show that any refund of any amount has ever been paid to the petitioners. The amount of the deficiency could hardly be based solely upon the disallowance of deductions totaling $596.81, nevertheless facts must be proved, not merely surmised. Not knowing either that a refund of $472.71 was paid to the petitioners or that, if paid, it was erroneous in that the petitioners were not entitled to any retirement income credit, the Court is not able to enter a decision that there *195 is a deficiency as requesed by the Commissioner in the motion.